UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlton J. Edwards, individually and on behalf of all other similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Multiband Corporation,<br><br>　　　　　Defendant. | Case No.<br><br><br>COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

For his Complaint against Defendant Multiband Corporation, Plaintiff Carlton J. Edwards states and alleges upon information and belief, and on behalf of himself and all other similarly situated individuals, as follows:

## JURISDICTION AND VENUE

1.　　This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2.　　Venue is proper under 28 U.S.C. § 1391, because Defendant resides in this district and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3.　　Plaintiff Carlton J. Edwards ("Plaintiff") is an adult resident of Collierville, Tennessee. During the relevant statutory period, Plaintiff performed installation and

1

maintenance services for DirecTV satellite television subscribers for Defendant Multiband Corporation. At all times relevant herein, Plaintiff was treated as an "independent contractor." Defendant knew or should have known that Plaintiff was its "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4. Defendant Multiband Corporation ("Multiband") is a domestic corporation with its principal place of business at 9449 Science Center Drive, New Hope, Minnesota 55428. Defendant is in the business of installing and maintaining video services for DirecTV satellite television subscribers. Defendant operates in approximately sixteen states and thirty-two field offices across the country. Defendant is the second largest independent DirecTV field services provider in the United States and claims, for example, to employ over 2,000 installers/technicians in its Home Service Provider (HSP) segment alone. At all times relevant herein, Multiband was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked as installers/technicians of DirecTV satellite television services for Multiband at any time from three years prior to the filing of this Complaint to the entry of judgment in this action. During the relevant statutory period, Plaintiff and the similarly situated individuals were treated as "independent contractors" even though Defendant knew or should have known that they were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d). Plaintiffs and the similarly situated employees

2

regularly worked over forty hours per week without compensation for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

1. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all other similarly situated individuals. Plaintiff's written consent form is attached hereto as Exhibit A. As the case proceeds, it is likely that other individuals will sign consent forms and join this case.

2. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees, such as Plaintiff and the similarly situated individuals, at a rate not less than one and one-half (1.5) times their regular rate of pay for work performed in excess of forty (40) hours per week.

3. Upon information and belief, during the relevant statutory period, Multiband established and operated a scheme whereby Multiband contracted with smaller intermediary companies (i.e. "contracting company") to avoid paying Plaintiff and other similarly situated individuals overtime compensation while exerting significant control over Plaintiff's and the other similarly situated workers' work. Based on the economic realities of the facts and circumstances in this matter, Defendant knew that Plaintiff and the other similarly situated individuals should have been classified as "employees" and paid overtime for all of their hours worked over forty (40) per week.

4. As installers/technicians, Plaintiff and the similarly situated individuals provided services essential to the fundamental business purpose of Defendant, i.e., satellite television services including installation, maintenance, upgrade, and repair.

These services, however, required no special skill. No prior experience was required for Plaintiff and the similarly situated to perform work for Defendant. Instead, Defendant provided Plaintiff with on-the-job training at the start and during his employment. For example, Plaintiff learned Multiband's way to install and position a satellite, run wires on houses, use various tools and meters, install switches and ground blocks, boot up receivers, and activate satellite systems.

5. As installers/technicians, Plaintiff and the similarly situated individuals had no control over the manner and method by which they were paid. Plaintiff and the similarly situated individuals were paid on a "piece-rate" basis, receiving a specified amount of money for each service job they performed. Although they regularly worked more than forty hours per week, Plaintiff and the similarly situated individuals received no overtime pay from Defendant. In addition, Multiband subjected installers/technicians to substantial deductions for a variety of reasons.

6. As installers/technicians, Plaintiff and the similarly situated individuals worked solely for Defendant on a full-time and continuing basis. Plaintiff and the similarly situated individuals did not advertise their services to the general public, or work as installers/technicians for anyone other than Defendant.

7. Although Plaintiff and the similarly situated individuals were treated by Defendant as "independent contractors," they were, in fact, Defendant's employees under the FLSA and other relevant laws and regulations. As a result of this knowing and willful misclassification, Plaintiff and the similarly situated individuals were denied overtime pay.

4

8. Defendant retained the right to discharge Plaintiff and the similarly situated individuals without cause or notice.

9. Plaintiff and the similarly situated individuals were subject to the direction and control of Defendant with regard to the manner and means of their job performance. For example:

   a. Defendant required installers/technicians to attend training sessions at the start of their employment;

   b. Defendant required installers/technicians to attend additional training sessions in the course of their employment;

   c. Defendant required installers/technicians to attend weekly meetings to discuss among other things, Defendant's expectations and/or new company policies and procedures;

   d. Defendant controlled the number and types of jobs that installers/technicians performed each day;

   e. Defendant controlled the time periods during which installers/technicians could perform their jobs each day;

   f. Defendant did not permit installers/technicians to reschedule their daily work appointments;

   g. Defendant required installers/technicians to report to either their worksite by a certain time each day;

   h. Defendant required installers/technicians to request time off from work;

    i. Defendant required installers/technicians to follow procedures and specifications with regard to how installations were to be completed;

    j. Defendant required installers/technicians to drive specific types of vehicles;

    k. Defendant required installers/technicians to wear uniforms;

    l. Defendant inspected installers/technicians' work to ensure that installations were done correctly and according to company standards;

    m. If Defendant felt that company policies and procedures were not followed and for various other reasons, Defendant subjected installers/technicians to substantial deductions from their paychecks;

    n. Defendant subjected installers/technicians to disciplinary measures for performance and attendance issues.

10. As installers/technicians, Plaintiff and the similarly situated individuals had no opportunity for profit or loss depending upon their managerial skill.

11. Defendant maintained records concerning the employment of Plaintiff and the similarly situated individuals. Upon information and belief, this included, for example, records of compensation, pay deductions, work orders, and materials used.

## COUNT I
## FAIR LABOR STANDARDS ACT
**(Overtime Violations)**

12. Plaintiff realleges and incorporates the above paragraphs by reference as if fully set forth herein.

13. Upon information and belief, Defendant knew or should have known that Plaintiff and the similarly situated individuals performed work that required overtime pay. Defendant has operated under a scheme to deprive Plaintiff and the similarly situated individuals of overtime compensation by treating them as "independent contractors" and thereby failing to pay them overtime pay for all hours worked over forty per week.

14. By treating Plaintiff and the similarly situated individuals as "independent contractors," and failing to pay overtime compensation, Defendant has violated, and continues to violate the FLSA, 29 U.S.C. § 201 et seq. The conduct of Defendant has been widespread, repeated, and consistent.

15. Further, by failing to accurately record, report, and/or preserve record of hours worked by Plaintiff and the similarly situated individuals, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

16. The conduct of Defendant as set forth herein was willful and in bad faith, and has caused significant damages to Plaintiff and the similarly situated individuals.

17. Defendant is liable under the FLSA for treating Plaintiff and the similarly situated individuals as "independent contractors" and thus failing to properly compensate them. There are numerous individuals who have been denied overtime pay by Defendant in violation of the FLSA who would benefit from the issuance of a Court-supervised

notice of the present lawsuit and the opportunity to join. These similarly situated individuals are known to Defendant, and are readily identifiable through their records.

18.     Plaintiff, on behalf of himself and other similarly situated individuals, seeks damages in the amount of his and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  That notice of this lawsuit be given to all similarly situated individuals as soon as possible;

B.  That Plaintiff and the similarly situated individuals be determined and adjudicated to be "employees" under the FLSA;

C.  That the practices of Defendant complained of herein be determined and adjudicated to be willful violations of the FLSA, 29 U.S.C. § 201 et seq., and for damages in the amount of Plaintiff's and the similarly situated individuals' unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

D.  That Plaintiff be granted leave to amend the Complaint to add claims under applicable state and federal laws, and to add other defendants

who meet the definition of Plaintiff's and the similarly situated individuals "employer" under 29 U.S.C. § 203(d); and

E. For all such further relief as the Court deems equitable and just.

Dated: July 1, 2010  NICHOLS KASTER, PLLP

s/Rachhana T. Srey
Paul J. Lukas (#22084X)
Rachhana T. Srey (#340133)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax (612): 338-4878
lukas@nka.com
srey@nka.com

&

DONATI LAW FIRM, LLP
William B. Ryan, TN Bar # 20269
(*pro hac vice application forthcoming*)
Bryce W. Ashby, TN Bar # 026179
(*pro hac vice application forthcoming*)
1545 Union Avenue
Memphis, TN 38104
Telephone: (90) 278-1004
Fax: (901) 278-3111
billy@donatilawfirm.com
bryce@donatilawfirm.com

ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS

# EXHIBIT A

## MULTIBAND CORPORATION
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., to recover overtime pay owed to me by Multiband Corporation. During the past three years, there were occasions when I worked over 40 hours per week as an installer/technician, and did not receive proper compensation for all of my hours worked, including overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert claims against Multiband Corporation for overtime pay.

Date: 6/30/10

Signature: *Carlton J. Edwards*

Print Name: Carlton J. Edwards

REDACTED