UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlton J. Edwards, individually and on behalf of all other similarly situated individuals, | Case No. 10-CV-02826 (MJD/JJK) |
| Plaintiff, | **ANSWER** |
| v. | |
| Multiband Corporation, | |
| Defendant. | |

For its Answer to Plaintiff's Carlton J. Edwards's (hereinafter referred to as "Plaintiff") Complaint, Defendant Multiband Corporation (hereinafter referred to as "Multiband" or "Defendant"), denies each and every allegation, matter, and thing contained in the Complaint except as hereinafter admitted, qualifies or otherwise answered:

## JURISDICTION AND VENUE

1. Answering Paragraph 1 in the Jurisdiction and Venue section of the Complaint, Defendant admits jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1331. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 1.

2. Answering Paragraph 2 in the Jurisdiction and Venue section of the Complaint, Defendant admits that venue is appropriate in the United States District Court

for the District of Minnesota. To the extent a response is required, Defendant denies the remaining allegations of Paragraph 2.

## PARTIES

3.    Defendant denies that Plaintiff performed any services for Defendant or was ever employed by Defendant. Upon information and belief, Plaintiff was employed by Megatek, Inc, a third-party contractor that performs installation services. Furthermore, Defendant never conducted business in Tennessee. Defendant is without sufficient information to admit or deny the remaining allegations in the first and second sentences of Paragraph 3 in the Parties section of the Complaint and therefore, denies the same. The remaining allegations in Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations set forth herein.

4.    Answering Paragraph 4 in the Parties section of the Complaint, Defendant admits the allegations set forth in sentences one through four. Defendant denies that it was Plaintiff's employer.

5.    Answering Paragraph 5 in the Parties section of the Complaint, Defendant admits that Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and those that Plaintiff purports are similarly situated but denies it has violated the statute referred herein, and denies that this action is properly brought as a collective action and that Plaintiff is entitled to any relief under this or any other statute.

## **COLLECTIVE ACTION ALLEGATIONS**

1.     Answering Paragraph 1 of the Collective Action Allegations section of the Complaint, Defendant admits that Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and those that Plaintiff purports are similarly situated but denies it has violated the statute referred herein, and denies that this action is properly brought as a collective action and that Plaintiff is entitled to any relief under this or any other statute.

2.     Paragraph 2 in the Collective Action Allegations section of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth herein.

3.     Paragraph 3 in the Collective Action Allegations section of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth herein.

4.     Paragraph 4 in the Collective Action Allegations section of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth herein.

5.     Answering Paragraph 5 in the Collective Action Allegations section of the Complaint, Defendant is without sufficient knowledge to form a belief as to the allegations of payment as alleged in Paragraph 5 in the Collective Action Allegations section and consequently denies those allegations.

6.     Answering Paragraph 6 in the Collective Action Allegations section of the Complaint, Defendant denies that Plaintiff was an installer or technician for Defendant.

Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 6 and therefore, denies the same.

7. Paragraph 7 of the Collective Action Allegations section of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth herein.

8. Defendant denies the allegations set forth in Paragraph 8 of the Collective Action Allegations section of the Complaint.

9. Paragraph 9 of the Collective Action Allegations section of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth herein.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 of the Collective Action Allegations section of the Complaint and therefore, denies the same.

11. Defendant denies the allegations set forth in Paragraph 11 of the Collective Action Allegations section of the Complaint.

## COUNT I
## FAIR LABOR STANDARDS ACT

12. Answering Paragraph 12 of the Complaint, Defendant realleges its responses to Paragraphs 1-11 as if fully stated herein.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.      Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.      Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.      In response to the damages Plaintiff is seeking in Paragraph 18 of the Complaint, Defendant denies that Plaintiff and the purported members of the class are entitled to any or all of the relief claimed therein.

## PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff and the purported members of the class are entitled to any or all of the relief claimed therein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant states as follows:

1.      Multiband is not the Plaintiff's employer.

2.      The claims of Plaintiff, and any individual alleged to be similarly situated, fail, in whole or in part, to state a claim upon which relief can be granted.

3.      Plaintiff's claims for damages are barred, in whole or part, because he failed to mitigate his alleged damages.

4.      The Complaint is barred, in whole or part, by the doctrine of unclean hands or estoppel.

5.      The Complaint, and each purported cause of action contained therein is barred to the extent Plaintiff is seeking relief for conduct occurring outside the applicable statute of limitations.

6. A two-year, rather than three-year statute of limitations applies to this action because Defendant did not engage in a willful violation of the FLSA if any violation were proven.

7. The Complaint, and each purported cause of action stated herein, are barred because Defendant and it agents acted in good faith at all times believing it fully complied with applicable law.

8. The Complaint, and each purported cause of action stated herein, fails to allege facts sufficient to allow recovery of punitive or liquidated damages.

9. As a defense to Plaintiff's claims, Defendant alleges that individual class members' right to recovery, if any, are barred by or subject to Defendant's right to set-off.

10. Plaintiff's claims are barred in whole or in part because the purported class is not similarly situated so as to maintain a class under 29 U.S.C. § 216(b).

11. The Complaint should be dismissed because Plaintiff does not meet the requirements for a collective action under 29 U.S.C. § 216(b).

12. The Complaint should be dismissed because Defendant was not Plaintiff's or the purported class members' "employer" within the meaning of the FLSA.

13. Defendant asserts that it has further and additional affirmative defenses, the nature of which cannot be determined until Defendant has had an opportunity to engage in discovery. Defendant therefore incorporates all affirmative defenses stated or contemplated by Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein.

WHEREFORE, Defendant respectfully requests this Court:

a. Dismiss Plaintiff's Complaint in its entirety and with prejudice;

b. Deny each and every request for relief contained in Plaintiff's Complaint;

c. Award Defendant its costs and disbursements;

d. Award Defendant any other relief the Court deems just and equitable.

Dated:  August 5, 2010.                JACKSON LEWIS LLP


*s/Antone M. Melton-Meaux*
David J. Duddleston #139804
Antone M. Melton-Meaux #0389596
225 South Sixth Street, Suite 3850
Minneapolis, MN  55402
Telephone:  (612) 341-8131
Facsimile:  (612) 341-0609

ATTORNEYS FOR DEFENDANT

4824-6653-4151, v. 1