UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Carlton J. Edwards,
on behalf of himself and
other individuals similarly situated,

        Plaintiffs,

v.                      **MEMORANDUM OF LAW & ORDER**
                        Civil File No. 10-2826 (MJD/JJK)

Multiband Corporation,

        Defendant.
_____

Paul J. Lukas and Rachhana T. Srey, Nichols Kaster PLLP, Counsel for Plaintiffs.

David J. Duddleston, Antone Melton-Meaux and Sarah M. Fleegel, Jackson Lewis LLP, Counsel for Defendants.
_____

**I.    INTRODUCTION**

      This matter is before the Court on Plaintiff's Motion for Conditional Class Certification and Judicial Notice. [Docket No. 24] Plaintiff seeks to represent a class of employees and/or independent contractors that perform DirecTV installation and maintenance work for Defendant Multiband Corporation

1

("Multiband") on a piece rate basis, rather than on an hourly basis.  As a result, Plaintiff alleges that he and similarly situated satellite technicians are illegally denied overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## II.   BACKGROUND

### A.   Parties and General Background

Multiband is principally located in New Hope, Minnesota, and is in the business of installing and maintaining video services for DirecTV satellite subscribers.  It handles approximately 20% of DirecTV's business, and operates in approximately 16 states.  (Complaint ¶ 4; Whitney Declaration ¶ 3.)

Plaintiff, Carlton Edwards, worked as a technician from October 2008 through May 2010, installing and maintaining DirecTV equipment through Megatek, Inc., a smaller company that contracts with Multiband.  (Edwards Declaration ¶ 2; Answer ¶ 3.)  Plaintiff alleges that Multiband operated a scheme to avoid paying overtime compensation to satellite technicians by classifying them as independent contractors rather than employees.  (Comp. ¶ 7.)  Plaintiff asserts that regardless of which contracting company they work for, all technicians are paid on a piece rate basis.  (Edwards Decl. ¶ 6; Bragg Decl. ¶ 6;

Colvin Decl. ¶ 6; D. Drewer Decl. ¶ 6; L. Drewer Decl. ¶ 6; Mark Decl. ¶ 6; Markwalter Decl. ¶ 6; McClish Decl. ¶ 6; Smith Decl. ¶ 6.) Under the piece rate system, satellite technicians are paid a certain amount for each type of service or job completed, regardless of the numbers of hours required to complete the service or job. (Id.)

Plaintiff further asserts that piece work is commonly scheduled and dictated by Multiband. (Edwards Decl. ¶ 8; Bragg Decl. ¶ 8; Colvin Decl. ¶ 8; D. Drewer Decl. ¶ 8; L. Drewer Decl. ¶ 8; Mark Decl. ¶ 8; Markwalter Decl. ¶ 8; McClish Decl. ¶ 8; Smith Decl. ¶ 8.) Multiband assigns specific time-frames in which the technicians are required to complete a job and requires them to report to their first job at a specific time of day. (Id.) Multiband also uses the same process and procedures for monitoring the technicians during a workday. Technicians are required to check in with a Multiband dispatcher or tracker. (Id.) Multiband also audits all work by technicians to ensure the work is done to the company's specifications and subjects technicians to "back charges" or deductions for a number of reasons. (Edwards Decl. ¶ 9; Bragg Decl. ¶ 9; Colvin Decl. ¶ 9; D. Drewer Decl. ¶ 9; L. Drewer Decl. ¶ 9; Mark Decl. ¶ 9; Markwalter Decl. ¶ 9; McClish Decl. ¶ 9; Smith Decl. ¶ 9.) Technicians are also required to

attend training sessions at Multiband's offices and/or attend meetings to remain updated on policies and procedures.  (Edwards Decl. ¶ 5; Bragg Decl. ¶ 5; Colvin Decl. ¶ 5; D. Drewer Decl. ¶ 5; L. Drewer Decl. ¶ 5; Mark Decl. ¶ 5; Markwalter Decl. ¶ 5; McClish Decl. ¶ 5; Smith Decl. ¶ 5.)

Plaintiff further asserts that as satellite technicians, the putative class members work similar hours, and they regularly work six days a week, putting in over 40 hours per week.  (Edwards Decl. ¶ 7; Bragg Decl. ¶ 7; Colvin Decl. ¶ 7; D. Drewer Decl. ¶ 7; L. Drewer Decl. ¶ 7; Mark Decl. ¶ 7; Markwalter Decl. ¶ 7; McClish Decl. ¶ 7; Smith Decl. ¶ 7.)  Despite the long hours, they do not get paid overtime.  (Id.)

### B.    Procedural Background

On July 1, 2010, Plaintiff filed a putative class action Complaint against Multiband alleging violations of the FLSA.  The Complaint was filed on behalf of all persons working as installers/technicians of DirecTV satellite services for Multiband at any time from three years prior to the filing of the complaint to the entry of judgment in the action.  (Comp. ¶ 5.)

As of December 23, 2010, there are fourteen opt-in plaintiffs in addition to the named Plaintiff.  Plaintiff now moves to conditionally certify a class pursuant

to the FLSA; obtain Court authorization to send notice to similarly-situated satellite technicians within the three-year statute of limitations; and require Multiband to produce a computer readable data file containing the name, job title, last known address and telephone number, last known work or personal email address, dates of employment, location of employment, employee number and social security number for all potential opt-in plaintiffs.

## III.  DISCUSSION

### A.  Standard for Conditional Class Certification

Plaintiff seeks conditional class certification and Court-facilitated notice pursuant to the FLSA, 29 U.S.C. § 216(b).  The statute provides:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id.

The Court performs a two-step process to determine whether a case should be certified under the FLSA:

> First, the court determines whether the class should be conditionally

> certified for notification and discovery purposes. At this stage, the plaintiffs need only establish a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan. In the second stage, which occurs after discovery is completed, the court conducts an inquiry into several factors, including the extent and consequences of disparate factual and employment settings of the individual plaintiffs, the various defenses available to the defendant that appear to be individual to each plaintiff, and other fairness and procedural considerations.

Dege v. Hutchinson Tech., Inc., Civil No. 06-3754 (DWF/RLE), 2007 WL 586787, at

*1 (D. Minn. Feb. 22, 2007) (unpublished) (citations omitted).

In the first step,

> the Court only must determine whether Plaintiffs have come forward with evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan. The court does not make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage.

Id. at *2 (citations omitted).

This case is at the first step.

**B.     Whether Class Members Are Similarly Situated**

Plaintiff seeks to conditionally certify the following class:

all current and former satellite technicians who performed work for Multiband through its various contracting companies at any time from [three years prior to date notice issues] to the present.

(Declaration of Rachhana Srey, Ex. A.)

At this stage, Plaintiff is not required to provide evidence showing Multiband's illegal practice at every location or that Plaintiff is identically situated to putative class members in all respects. See, e.g., Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (holding that, under § 216(b), "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members") (citation omitted). Thus, the standard for certification is low at this initial stage. Burch v. Qwest Commc'ns Int'l, Inc., 500 F. Supp.2d 1181, 1190 (D. Minn. 2007).

Plaintiff argues that conditional certification is appropriate in this case because Plaintiff has established a colorable basis that the class members are similarly situated through the declarations of nine opt-in plaintiffs. Plaintiff further asserts that many courts around the country have conditionally certified classes involving the defendant's status as an FLSA "employer" without deciding the merits of the case. See, e.g., Johnson et al. v. ECT Contracting, LLC, No. 3:09–130, 2010 WL 625390 (M.D. Tenn. Feb. 18, 2010) (granting conditional certification to DirecTV satellite installers who were classified as independent contractors); Harris v. Vector Mktg. Corp., 2010 WL 1998768 (N.D. Cal. May 18,

2010) (same).

In opposition to the motion for conditional certification, Multiband asserts that Plaintiff has not met his burden of demonstrating that the putative class is similarly situated as Plaintiff and the current opt-ins are not employees of Multiband.  Rather, they are either employees or independent contractors for companies that Multiband subcontracts with to provide installation and/or technical services for DirecTV.  Multiband further asserts that Plaintiff has not demonstrated that the putative class is subject to a common policy of Multiband, rather the subcontractors are the entities that direct how technicians are paid or trained.

Multiband asserts that the first stage of FLSA certification is not so lenient as to allow any action to be conditionally certified.  See Parker v. Rowland Express, Inc., 492 F. Supp.2d 1159, 1165 (D. Minn. 2007) (denying certification as plaintiff affidavits provided only that they were "informed and believe" that other independent contractor/ couriers were required to work overtime and received no overtime compensation); Bamgbose et al. v. Delta-T Group, Inc. et al., 684 F. Supp. 2d 660 (E.D. Pa. 2010) (denying conditional certification where plaintiffs failed to show the putative class was similarly situated as many

differences existed as to skills, responsibilities and experiences, and whether putative class members were employees or independent contractors); Levinson v. Primedia, Inc. et al., No. 02-2222, 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification as plaintiffs failed to show that putative class members were similarly situated).

Multiband further argues that if the Court should find that Plaintiff's bare allegations are enough to satisfy the requirement that the putative class is subject to a single, unlawful policy or plan, the Court must still evaluate whether questions common to the group predominate. Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003); In re Fedex Ground Package Sys., 662 F. Supp. 2d 1069, 1083 (N.D. Ind. 2009) (denying conditional certification because individualized determination of whether class member is an employee or independent contractor prevented finding that class was similarly situated); Pfaahler v. Consultants for Architects, Inc., No. 99 C 6700, 2000 WL 198888 (N.D. Ill. Feb. 8, 2000) (same).

Multiband argues that common questions do not predominate. For example, at least two of the opt-in plaintiffs are W-2 employees, some signed independent contractor agreements, some received training through Multiband

while others did not, two technicians were paid by the hour while others were paid by the job.

At this stage of the proceedings, however, the Court must not address arguments that go to the merits of Plaintiff's claims.  Lyons et al. v. Ameriprise Financial, Inc., Civ. No. 10-503, 2010 WL 3733565, at *4 (D. Minn. Sept. 20, 2010) (Kyle, J.) (finding that arguments as to the merits of claims are not to be addressed at first stage); Shabazz v. Asurian Ins. Serv., Civ. No. 3:07-0653, 2008 WL 1730318, at *3 (M.D. Tenn. April 10, 2008) (same); Musarra v. Digital Dish, Inc., No. C2-05-545, 2008 WL 818692, at *5 (S.D. Ohio, March 24, 2008) (same).  In addition, the Court must not make any credibility determinations or findings of fact at this initial stage.  Burch, 500 F. Supp. 2d at 1186.  Further, whether a class member signed an independent contractor agreement should not be considered at this stage.  U.S. ex rel. Watson v. Connecticut General Life Ins. Co., 2003 WL 303142, at *17 (E.D. Pa. Feb. 11, 2003) (finding that label given an individual is not important, it is the actual working relationship that determines whether an individual is an employee or an independent contractor).  Finally, claimed differences relating to supervision, performance reviews, and meetings are considerations for the second stage.  Burch v. Qwest Commc'ns Int'l, Inc., 677 F.

Supp. 2d 1101 (D. Minn. 2009).

Based on the above, the Court finds that Plaintiff has set forth a colorable basis that the putative class members are the victims of a single decision, policy, or plan by Multiband to illegally withhold overtime pay. At this initial stage, conditional certification is appropriate.

### C.     Judicial Notice

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). "Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." Id. at 171. "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." Id. at 172. "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff

dates to expedite disposition of the action." Id.

Plaintiff has submitted a proposed notice. (Srey Decl., Ex A.) Again, the notice includes "all current and former satellite technicians who performed work for Multiband through its various contracting companies at any time from [three years prior to date notice issues] to the present."

Multiband notes that the definition of the class in the Complaint is different than the definition in the proposed notice. The Complaint refers to those installers/technicians who were treated as independent contractors, while the notice covers all installers/technicians. Furthermore, Edwards and all of the opt-ins are former technicians, while the proposed notice includes current technicians.

Many courts have recognized that redefining the class in the context of a certification motion under Fed. R. Civ. P. 23 is appropriate. See, e.g., Burch, 677 F. Supp.2d at 1124 (court applied Rule 23 requirements to narrowed class definition); Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp.2d 870, 906 (N.D. Iowa 2008). Because Plaintiff has submitted evidence which tends to show that persons classified as either employees of a subcontractor or an independent contractor, who performed the same work as Plaintiff, were also denied overtime

based on Multiband's practice of paying on a "piece rate basis" the Court finds it appropriate to redefine the putative class to include all persons who performed piece rate work for Multiband and were not paid any overtime wages.

The Court exercises its discretion to facilitate notice in this case. Court-facilitated notice will assist in preventing the expiration of claims based on the running of the statute of limitations. Also, due to the large size and geographic scope of this putative class, it would be difficult for Plaintiff to rely on word of mouth or Plaintiff's counsel's independent efforts to provide a fair method of providing timely, adequate notice of the lawsuit.

### D.  Production of List of Employees

Plaintiff requests that the Court enter an Order requiring Multiband to produce, within five days from the date of the Order, a computer readable data file containing the name, job title, last known address and telephone number, last known work or personal email address, dates of employment, location of employment, employee number and social security number for all potential opt-in plaintiffs an electronic list of all potential opt-in plaintiffs employed by Multiband. The Court grants Plaintiff's request, with slight modification.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.  Plaintiff's Motion for Conditional Class Certification and Judicial Notice [Docket No. 24] is **GRANTED** as follows:

    a.  Defendant Multiband Corporation is ordered to provide Plaintiff's counsel with a list of all former and current satellite technicians who performed work for Multiband Corporation through its various contracting companies from July 1, 2007; this list shall include name, address, telephone number, dates of employment, location of employment, last four digits of their social security number and date of birth and shall be in electronic and importable format; Defendant is ordered to provide this list within thirty days of the date of this Order.

    b.  The parties shall meet and confer and present a joint class notice to the Court for approval within thirty days of the date of this Order.

Dated:  January 13, 2011                s/ Michael J. Davis
                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court