# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Carlton J. Edwards,

        Plaintiff,

v.

Multiband Corporation,

        Defendant.

_____

Civil No. 10-2826 (MJD/JJK)

**ORDER AND
MEMORANDUM**

This matter is before the Court on the Affidavit of David J. Duddleston in support of Defendant's motion for sanctions.  (Doc. No. 169.)   Based on the parties' submissions and arguments, together with all pleadings, records, and files herein, **IT IS HEREBY ORDERED** that:

    1.    The twenty-one Plaintiffs referenced by Plaintiff's counsel at the hearing on November 22, 2011, who failed to produce tax documents by September 20, 2011, in violation of this Court's Order must remit attorney's fees and costs to Defendant in the total amount of $2,100.00 ($100.00 each) by December 15, 2011; and

    2.    The attached Memorandum is incorporated by reference.

Dated:  December 5, 2011

                        _s/ Jeffrey J. Keyes_____
                        JEFFREY J. KEYES
                        United States Magistrate Judge

**MEMORANDUM**

## I.    INTRODUCTION

Defendant has submitted an attorney's fees petition in connection with the

Court's award of sanctions against Plaintiffs who failed to produce tax documents

by September 20, 2011, in the amount of $26,912.50.[1]  The Court has concluded

that this fee request is unreasonable in the extreme.  Defendant's motion

concerning the tax returns was a relatively simple one.   However, the affidavit of

Defendant's counsel summarizing the time records of the Jackson Lewis Law

Firm shows that the attorneys in that firm supposedly spent 89.3 hours working

on the motion.  This is completely out of line with the work product produced,

which the Court has carefully reviewed.  The submission of an attorney's fees

petition to the Court is not an opening bid in a negotiation with the Court to obtain

the maximum amount of fees that can be squeezed out of the matter.   Counsel

had an obligation, as officers of the court, to adhere to the requirement that the

application for attorney's fees be limited to *reasonable* attorney's fees, and this

was certainly not followed in the Defendant's application in this case.

Nevertheless, the Court concludes that Defendant, despite the poor

---

[1]     At the hearing on November 22, Plaintiff's counsel said there were twenty-four Plaintiffs who had not submitted tax documents at all.  In her December 1, 2011 letter, she stated that three of these Plaintiffs had removed themselves from the case by filing withdrawal forms on November 21, 2011.  Thus, the twenty-one remaining Plaintiffs in this category must pay the $2,100.00 ($100.00 each) fee award.

showing of its lawyers, is entitled to an award of some attorney's fees because the twenty-one plaintiffs failed to obey a court order and Defendant had to bring the motion.  It is important that those twenty-one Plaintiffs demonstrate by paying this award of fees that they understand the importance of compliance with court orders and that they are serious about pursuing their claims.  Thus, the Court has, for the specific reasons recited below, concluded that an award of $2,400.00, given all of the facts and circumstances, is appropriate.

## II.  Analysis

### A.  Defendant Prevailed on a Small Portion of Its Motion

Defendant's requested fees are unreasonable because Defendant prevailed only on a small portion of its motion.  *See Hensley v. Eckerhart*, 461 U.S. 242, 433 (1983) (stating that attorney's fees should be adjusted upward or downward depending on the basis of the results obtained).  Defendant's motion was divided into three parts: (1) a motion for sanctions in the form of a dismissal as it related to forty-eight Plaintiffs who did not provide any tax documents by September 20th; (2) a motion for sanctions in the form of an adverse inference instruction at trial as it related to twenty-two Plaintiffs with alleged redaction issues; and (3) a motion to compel non-tax documents by December 2, 2011. The Court did not sanction any Plaintiffs who fell into categories 2 or 3.  Rather, the Court sanctioned only half (twenty-four of the forty-eight) of the Plaintiffs

3

included in category 1, finding their failure to produce *any* tax documents was sanctionable conduct. The other twenty-four Plaintiffs in category 1 who had provided some tax documents—even if not before the September 20, 2011 deadline—were not sanctioned.

Additionally, the sanctioned Plaintiffs are not to be held responsible for any attorney's fees Defendant incurred in connection with the redaction issues and non-tax documents issues on which Defendant did not prevail. For example, defense counsel spent 9.3 hours on 10/19/2011, 10/25/2011, and 10/27/2011 preparing charts relating to the redaction issues, and spent time on 11/20/2011 reviewing the chart Plaintiff prepared to respond to the redaction issues. Most, if not all, of this time should have been excluded entirely from any fees award.

### B.    Unreasonableness of the Fees

As generally described above, the hours Defendant represents to have spent preparing its motion are unreasonable. *Hensley*, 461 U.S. at 433 ("The starting point in determining attorney's fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."); *Alden v. Mid-Mesabi Ass'n Ltd. P'ship*, No. 06-954 (JRT/RLE), 2008 WL 2828892, at *21 (D. Minn. July 21, 2008) (affirming award of fees that were significantly reduced because the hours of work defendant sought as a result of the plaintiff's discovery breaches was not "reasonably expended"). For example,

4

defense counsel spent a total of 50.8 hours drafting and revising its memorandum of law, and 21.2 hours reviewing Plaintiffs' opposition papers and preparing for the November 22, 2011 hearing. It is not reasonable that this many hours would be spent on a discovery motion of this nature. Further, multiple attorneys were not required to do this work. *See Alden*, 2008 WL 2828892, at *21 (citing to *Hensley* in reducing the requested attorneys' fees when the same court submission was drafted, redrafted, edited, and reviewed, by two attorneys when the work involved required no more than one attorneys' input).

Defense counsel also spent 3.10 hours putting together information for its Exhibit A, which again provided a list of the forty-eight Plaintiffs who Defendant sought to dismiss for failing to provide any tax documents by the deadline. It is unreasonable to spend 3.10 hours figuring out whether someone had produced any tax documents by September 20th. Defendant spent a total of 1.8 hours drafting and review the notice of motion and motion it filed on October 14, 2011. However, upon review, the notice of motion and motion appears to be boilerplate language that could not have taken more than a few minutes—let alone more than an hour—to modify for the purposes of this case. (Doc. Nos. 157, 158.) And the lead attorney for Defendant, a lawyer who says that he has "typically been the lead litigator in the employment law cases I have litigated over 20 years" and whose hourly rate is $410, claims to have spent 10.2 hours on one

5

day, November 21, 2011, preparing for this motion.   If true, this was *per se* unreasonable.

                                        JJK